IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BROOKLYN BLANKENSHIP, ) | Case No. 3:23-cv-00149 |
| ) | |
| Plaintiff, ) | JUDGE JEFFREY J. HELMICK |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |

Plaintiff, Brooklyn Blankenship ("Blankenship"), filed a complaint challenging the final decision of the Commissioner of Social Security, denying her application for benefits under the Social Security Act. Blankenship has requested leave to proceed *in forma pauperis* ("IFP") in this matter. ECF Doc. 2. Because I conclude that Blankenship has sufficient financial resources to pay the court's $402 filing fee,[1] I recommend that the Court DENY her application to proceed IFP.

**I.      Relevant Background**

On January 25, 2023, Blankenship filed a complaint (ECF Doc. 1) and an IFP application (ECF Doc. 2). In describing her financial status, Blankenship states that she is unemployed and has no income or assets. ECF Doc. 2 at 1–3. Blankenship further states that her spouse earns $2,560 monthly and that her average monthly household expenses total $1961. *Id.* The $1961

---

[1] N.D. Ohio Fee Schedule, available at https://www.ohnd.uscourts.gov/fee-schedule (last visited January 25, 2023).

total includes: $575 in rent; $314 in utilities; $350 in food; $140 in clothing; $40 in laundry and dry cleaning; and $542 in recreation and entertainment. ECF Doc. 2 at 4.

II.     Law & Analysis

This court may authorize the commencement of a civil action without prepayment of the filing fee, provided the person seeking IFP status submits an affidavit stating all her assets and that she is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardships." *Id.* All of the IFP applicant's financial resources are relevant to that determination, including those that could be made available from the applicant's spouse, or other family members. *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10-31, 2010 U.S. Dist. LEXIS 10103, at *1 n.1 (D. Minn. Feb. 5, 2010); *see also Reynolds v. Crawford*, No. 1:01-cv-877, 2009 U.S. Dist. LEXIS 111619, at *3 (S.D. Ohio Nov. 17, 2009) (collecting cases).

Although Blankenship earns no income, her spouse's monthly income exceeds their household's monthly expenses. After deducting household expenses, Blankenship's net household income ($599) is sufficient to cover the filing fee. Based on the figures provided, it does not appear that Blankenship is unable to pay the filing fee or that paying the filing fee would cause undue hardship. *Foster*, 21 F. App'x at 240. Rather, it appears that this is a case in which Blankenship must "weigh the financial constraints posed by pursuing [her] complaint against the merits of [her] claims." *Behmlander v. Comm'r of Soc. Sec.*, No. 12-14424, 2012 U.S. Dist. LEXIS 160454, at *5 (E.D. Mich. Oct. 16, 2012), *report and recommendation adopted* 2012 U.S. Dist. LEXIS 160450 (E.D. Mich. Nov. 8, 2012). This is especially true in light of the

$542 Blankenship's household currently expends on monthly recreation, which could be utilized for at least one month to cover the filing fee.

### III. Recommendation

Because Blankenship has sufficient funds at her disposal to pay the court's $402 filing fee after her monthly household expenses are accounted for, I find that Blankenship is not eligible to proceed IFP in this case. Accordingly, I recommend that the Court DENY Blankenship's IFP application (ECF Doc. 2) and require her to pay the filing fee within a reasonable time.

Dated: January 26, 2023

Thomas M. Parker
United States Magistrate Judge

---

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist.

3

LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).